TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>    v.<br><br>Saeedeh Mirshahi,<br><br>    Respondent. | Case No. 2:21-cv-07841-PA-JC<br><br>Reply to Respondent's Opposition [ECF document number 9]<br><br>Date:    November 22, 2021<br>Time:    3:00 p.m.<br>Location:  ZOOM |

    Respondent's arguments in opposition to granting the IRS summons are incorrect or irrelevant, and the Court should order Respondent to comply with the summons. The Supreme Court in *United States v. Powell* set forth four factors to establish a prima facie case that an IRS summons is valid: (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the data is not already in the IRS's possession; and (4) the IRS has followed the administrative steps for issuing and serving the summons. The *Powell* factors are applicable even if the IRS

1

1  issued the summons pursuant to a treaty with a foreign country, and they
2  are satisfied here.
3       The relevant facts are undisputed: The United States and UK are
4  members of the Convention. The United States received a valid EOI request
5  from HMRC regarding its investigation of Paul Baxendale Walker (Walker).
6  The IRS then issued a summons to Respondent in response to the EOI
7  request to satisfy its obligation under Article 5 of the Convention.
8  Respondent's only challenge to the summons is that it was not issued for a
9  legitimate purpose because (a) the original EOI request was made in 2018, so
10 the investigation may be over, and (b) Walker subsequently declared
11 bankruptcy in 2019 and his taxes may be subject to discharge. The former
12 was addressed in the Petition and is wrong, and the latter is irrelevant.
13      The Supreme Court in *United States v. Stuart* considered a challenge to
14 an IRS summons issued in response to a treaty request from Canada, and
15 held that "so long as the IRS satisfies the requirements of good faith set forth
16 in *United States v. Powell*" then "[the IRS] is entitled to enforcement of its
17 summons[.]" 489 U.S. 353, 353-54 (1989). Establishing the four *Powell*
18 requirements establishes the good faith of the IRS. The Ninth Circuit stated
19 in *Lidas, Inc. v. United States,* that "where the IRS issues a summons at the
20 request of a treaty partner … the IRS need not establish the good faith of the
21 requesting nation." 238 F.3d 1076, 1082 (9th Cir. 2001). In challenging the
22 IRS summons by the conclusory assertion that HMRC has no legitimate tax
23 investigation, Respondent is challenging the good faith of the UK. Such a
24 challenge is inconsistent with Supreme Court and Ninth Circuit precedent
25 and should be rejected.
26      To the extent that the Court does consider whether the investigation by
27 HMRC is still ongoing, it is, and HMRC still needs the information requested
28 in the summons. The Petition made this clear through the Declaration of

Deborah Palacheck dated October 1, 2021 which stated, "my office recently confirmed with the U.K. Competent Authority its need for the requested information." ECF document number 1-1, page 4, ¶ 13. To the extent that there is any doubt about the status of the HMRC investigation, as of October 22, 2021, the United States confirmed with HMRC its ongoing need for the information requested in the summons issued to Respondent. Declaration of Frank Guida, ¶ 6, attached concurrently herewith.

The Court should also disregard Walker's bankruptcy and subsequent discharge. Neither affects the legitimacy of the IRS summons, and UK bankruptcy law is irrelevant in determining whether the Court should enforce the IRS summons in this case. Even if it was relevant, Respondent's summary that any UK debt against Walker prima facie ought to be released upon his discharge is an oversimplification of the unsigned Opinion from UK barrister Stephen Hackett. The Opinion does not attempt to apply the UK law to the facts in this case. ECF document 11, Opinion ¶ 6. The Opinion explains that in general, upon discharge the bankrupt is released form all "bankruptcy debts" (*Id*. at ¶ 8), meaning debts that were incurred before the commencement of the bankruptcy. *Id*. at ¶ 9. However, there are certain exceptions for fines and penalties, as well as debts incurred in respect of fraud. *Id*. at ¶ 12. Mr. Hackett stresses that without more information, he *cannot determine whether the exceptions apply in this case. Id*. at ¶ 13. Moreover, even though "bankruptcy debts" are released against the bankrupt himself, a *creditor can continue to recover against the bankruptcy estate. Id*. at ¶ 14. Thus, the argument in the Opposition that Walker's liabilities ought to be released because of the bankruptcy discharge ignores both the exceptions to discharge that may apply against Walker, and that by using the information provided in response to the summons to determine the

correct tax liabilities, the HMRC may then attempt to collect those liabilities from Walker's bankruptcy estate.

    The United States has satisfied the *Powell* factors based on undisputed facts, and established the good faith of the IRS in issuing the summons. The IRS need not establish the good faith of the UK, however Respondent's argument that HMRC's investigation into Walker is over is wrong, and Respondent's suggestion that Walker's UK bankruptcy discharge undermine the legitimate purpose of the summons is speculative and irrelevant. Based on the foregoing, the Court should order Respondent to comply with the IRS summons.

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: November 4, 2021

/s/
GAVIN GREENE
Assistant United States Attorney
Attorneys for the United States of America

4